IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RODNEY THOMAS RETZ, TAMMY SUE RETZ, N.A.R., A MINOR;<br><br>**Plaintiffs,**<br><br>v.<br><br>**STATE OF TEXAS, DFPS CHILD PROTECTIVE SERVICES,**<br><br>**Defendants.** | § § § § § § § § § § § | CIVIL ACTION NO. 6:18-CV-00193-RWS-JDL |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Plaintiffs initiated this action on May 4, 2018. Docket No. 1. On May 22, 2018, the Magistrate Judge granted Plaintiffs' Motion for Leave to proceed *in forma pauperis* (Docket No. 7), and Defendants were subsequently served (Docket Nos. 10, 11). Thereafter, Plaintiffs filed an Amended Complaint (Docket No. 13) and Defendants filed a motion to dismiss (Docket No. 15). On August 9, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' Motion (Docket No. 15) be granted. Docket No. 21. Plaintiffs filed objections to the Magistrate Judge's Report. Docket No. 23. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636 (b)(1).

Plaintiffs do not raise any actual objections to the Report, but instead objected to the Defendants' Motion to Dismiss. *See* Docket No. 23. Assuming, however, that Plaintiffs intended to object to the Magistrate Judge's Report, Plaintiffs appear to contend that

1

the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and that they have stated a claim pursuant to 42 U.S.C. § 1983 ("§ 1983"). *Id.* However, as the Magistrate Judge explained, Plaintiffs have sued state entities which are immune from such civil suits without consent—namely the State of Texas and DFPS Child Protective Services. *See* Docket No. 21 at 2–3. As such, the Magistrate Judge concluded the Court lacked subject matter jurisdiction over the claims. *Id.* (citing *Thomas v. Texas Dept. of Family & Protective Serv.*, 427 F. App'x. 309, 312 (5th Cir. 2011) (finding that the court lacked subject matter jurisdiction when two parents brought a § 1983 case against a state agency social worker and DFPS for an unreasonable search and seizure when a child was removed without a Court order or warrant); *Raj v. La. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013))).[1]

Moreover, even if this Court had jurisdiction, Plaintiffs contend they have a stated a claim for relief pursuant to § 1983; but Plaintiffs' objections merely list the statutory action and fail to contain any facts to support that claim. Docket No. 23 at 1–2. As the Magistrate Judge explained, the underlying allegations "merely state that the minor was removed from the home in violation of [Plaintiffs'] Constitutional rights, and then requests relief for 4.08 billion dollars, for violations of their rights and for mental abuse, malicious prosecution, destruction of family trust, and terrorizing a family" but "fail to allege any specific facts showing there was a violation of the Constitution or that they are entitled to such relief." Docket No. 21

---

[1] The Magistrate Judge noted that Plaintiffs' claims were also brought on behalf of a minor, but found that the Court also did not have jurisdiction over any claims of the named minor. Docket No. 21 at 3–4. Therefore, the Magistrate Judge concluded that the appointment of an attorney ad litem prior to the recommending the resolution of this matter was unnecessary. *Id.* The Court agrees with the Magistrate Judge and finds that for the limited question of whether the minor's interests were adequately protected in deciding this Court's jurisdiction, that no ad litem was necessary. *See Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984) ("If the court feels that the infant's [or incompetent person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed.").

at 5, citing Docket No. 13. Plaintiffs' recitation of the statute in their objections, without any alleging any specific facts, does not cure these deficiencies. For these reasons, the Court agrees with the Magistrate Judge that the complaint should be dismissed.

Therefore, the Court hereby **ADOPTS** the findings and conclusions of the Magistrate Judge (Docket No. 21) as the findings and conclusions of the Court and **OVERRULES** the Plaintiffs'.

It is accordingly **ORDERED** that Defendants' Motion (Docket No. 15) is **GRANTED** and the complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 2nd day of October, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE